108 F.3d 1386
 79 A.F.T.R.2d 97-1655, 97-1 USTC P 50,309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Curtis L. SCOVILLE; Barbara J. Scoville, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-70847.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1997.
Decided March 10, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Scovilles argue on appeal that the Tax Court erred in finding they were negligent in underpaying their taxes and sustaining the additions to tax under section 6653(a)[1] for 1978 and 1979 and section 6653(a)(1) for 1981 and 1982. Sections 6653(a) and 6653(a)(1) provided for an addition to tax of an amount equal to 5 percent of the underpayment if any part of the underpayment is due to negligence or disregard of rules or regulations.[2] Negligence, for purposes of § 6653, is the lack of due care or failure to act as would a reasonable and ordinarily prudent person under the circumstances. Howard v. Commissioner, 931 F.2d 578, 582 (9th Cir.1991).
 
 
 3
 The Scovilles argue they were not negligent because they relied upon their accountant's advice. Reliance upon an accountant's advice does not preclude a finding of negligence. Sacks v. Commissioner, 82 F.3d 918, 920 (9th Cir.1996). The taxpayer must make a reasonable inquiry into the validity of questionable tax shelter benefits. Collins v. Commissioner, 857 F.2d 1383, 1386 (9th Cir.1988). Here, Curtis Scoville was skeptical whether the investment made economic sense but, without further inquiry, purchased a master recording for the tax benefits. The Tax Court did not err in finding that the Scovilles were negligent in claiming the tax credit and underpaying their taxes.
 
 
 4
 Title 26 U.S.C. § 6659 provided that, where the valuation of property claimed on a federal tax return is greater than 250% of the actual value, an addition to tax is imposed equal to 30% of the amount of the underpayment attributable to the overvaluation.[3] In disallowing the investment tax credit claimed by the Scovilles, the Internal Revenue Commissioner (Commissioner) took the position that "(1) the master recording is not qualified property, (2) was not placed in service in 1981, and (3) in any event, the fair market value, upon which you based your credit, has been overstated."
 
 
 5
 On appeal the Scovilles argue that, under Gainer v. Commissioner, 893 F.2d 225 (9th Cir.1990), if there are multiple reasons for assessing the deficiency not all of which concern overvaluation, their underpayment was not "attributable" to the overvaluation. In Gainer, the taxpayers invested in a FoodSource container and claimed an income tax credit in 1981. The Commissioner disallowed the 1981 tax credit because the container had not been placed in service in 1981 and imposed an overvaluation penalty because the taxpayers had overstated the value of the container when they claimed the tax credit. We held that, under these circumstances, the tax underpayment was not "attributable" to the overvaluation and the § 6659 penalty did not apply. 893 F.2d at 227-29. "[N]o section 6659 penalty ... [may be imposed] when there is some other ground for disallowing the entire portion of a deduction that otherwise might be disallowed for overvaluation." Id. at 228. The IRS' disallowance of the Scovilles' tax credit is indistinguishable from the disallowance in Gainer. Compelled by Gainer's holding, we reverse the Tax Court's imposition of the overvaluation penalty.
 
 
 6
 AFFIRMED IN PART; REVERSED IN PART. Each party will bear their own costs on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The relevant subsections were 6653(a) for 1978 and 1979 and 6653(a)(1) and (2) for 1981 and 1982. Section 6653 was repealed by the Omnibus Budget Reconciliation Act of 1989, Pub.L. No. 101-239, 103 Stat. 2399, § 7721(c)(1), effective for returns due after 1989. Negligence is now one component of the accuracy-related penalty found in I.R.C. § 6662. See 26 U.S.C. § 6662(b)(1) (West Supp.1996)
 
 
 [2]
 26 U.S.C. § 6653, prior to amendments made by § 722(b)(1) of the Economic Recovery Tax Act of 1981, Pub.L. No. 97-34, 95 Stat. 172, provided:
 FAILURE TO PAY TAX
 (a) Negligence or intentional disregard of rules and regulations with respect to income, gift, or windfall profit taxes. If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A ... is due to negligence or intentional disregard of rules or regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.
 After the 1981 amendments, 26 U.S.C. 6653(a)(1) contained the identical language.
 
 
 [3]
 Like 26 U.S.C. 6653, section 6659 was repealed by the Omnibus Budget Reconciliation Act of 1989, supra, § 7721(c)(2), for returns due after 1989. A substantial valuation misstatement is now one component of the accuracy-related penalty found in 26 U.S.C. § 6662. See 26 U.S.C. §§ 6662(b)(3), 6662(e) (West Supp.1996). Before its repeal § 6659 provided:
 (a) Addition to the tax. If--
 (1) an individual
 ....
 Has an underpayment of the tax imposed by chapter 1 for the taxable year which is attributable to a valuation overstatement, then there shall be added to the tax an amount equal to the applicable percentage of the underpayment so attributable.
 (b) Applicable percentage defined. For purposes of subsection (a), the applicable percentage shall be determined under the following table:
 If the valuation claimed is the The applicable
 following percent of the correct percentage is:
 valuation--
 ....
 More than 250 percent.... 30